

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-47,126-04

### EX PARTE JOSEPH BROWN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-53946-W(B) IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Brown v. State*, No. 05-14-00082-CR (Tex. App. — Dallas, April 20, 2015) (not designated for publication).

Applicant has previously challenged this conviction by way of post-conviction habeas corpus. This Court denied his previous application without written order on February 17, 2016. In this application, Applicant contends that he has newly-discovered or newly-available evidence of his

actual innocence, in the form of a letter from the DNA Mixture Review Panel. That letter indicates that either not DNA testing was performed in this case, or that if there were DNA results, those results did not connect Applicant to the evidence. However, Applicant alleges that the State's expert testified at trial that there was DNA evidence which connected Applicant to the offense, and provides citations to the record for this testimony. Applicant also alleges that the State presented false testimony from its DNA expert at trial, and that his trial counsel rendered ineffective assistance because counsel failed to retain a defense expert to challenge the State's DNA expert's testimony.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the trial prosecutor to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State presented evidence or testimony at trial indicating that Applicant's DNA connected him to the offense. If such evidence or testimony was presented, the trial court shall make findings as to whether the letter from the DNA Mixture Review Project constitutes newly-discovered or newly-available evidence of actual innocence, whether the State presented false evidence at trial, and whether Applicant's trial counsel was ineffective for failing to secure expert testimony to challenge the testimony of the State's DNA expert. The trial court shall also make any other findings of fact

and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish